Oscar J. and Virginia H. Green v. Commissioner.
Oscar J. v. Commissioner
Docket No. 14271.
United States Tax Court
1948 Tax Ct. Memo LEXIS 25; 7 T.C.M. (CCH) 898; T.C.M. (RIA) 48252; November 29, 1948
*25 Preston D. Orem, Esq., for the petitioners. Byron M. Coon, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in the amount of $623.02 in income and victory taxes for the calendar year 1943. The year 1942 is involved because of the forgiveness feature of the Current Tax Payment Act of 1943 in so far as it affects the tax liability for 1943. Findings of Fact The petitioners during the taxable years involved were husband and wife residing in Gardena, California. They filed joint returns for each of the years involved with the collector of internal revenue for the 6th district of California at Los Angeles. On their returns for the taxable years involved the petitioners reported joint income from their employment as a carpenter and as a burrer and other sources, in the amounts of $3,322.67 for 1942 and $4,630.32 for 1943. From these amounts they deducted various losses attributable to business and other deductions. Those which are involved in this proceeding amounted to $3,802.83 for 1942 and $2,729.91 for 1943. The respondent allowed the deduction of $1,111.39 of the amount claimed for 1942 and *26 $179.70 of the amount claimed in 1943. He disallowed $2,691.44 in deductions in 1942 and $2,550.21 in 1943. The deductions claimed by petitioners for 1942 and 1943 included substantial sums for contributions, interest, taxes, bad debts, occupational expenses, and losses. They also claimed medical expense deductions for 1942, and a net operating loss carry-over for 1943. Respondent disallowed all or some part of all of these deductions. We find as a fact that petitioners are entitled to deductions of $1,250 in 1942, including $680 of deductible business expenses, consisting of a capital loss deduction of $533.02, which respondent has allowed, and other allowable deductions for occupational expenses. We also find that petitioners incurred medical expenses of $173 in 1942. We further find that petitioners are entitled to deductions in 1943 in the aggregate amount of $450, including deductions of all classes which petitioners claimed. Opinion LEMIRE, Judge: By disallowing the deduction of some part or all of the items claimed by petitioners in their returns, the respondent has put the burden on the petitioners to prove the facts essential to the allowance of the deductions. The *27 only evidence furnished by petitioners is the testimony of the petitioners themselves. There was no corroborating evidence whatever. Counsel for petitioners painstakingly questioned petitioners about each item claimed as a deduction. Oscar J. Green, the principal witness, testified in a general way concerning most of the claimed deductions. It was necessary for counsel to use the income tax returns filed for the years involved to refresh Mr. Green's memory as to the nature of many of the items claimed. In many instances the petitioner's statements were vague and uncertain. He frequently admitted that he did not remember, that he did not know exactly, and that he "guessed," or "imagined," the amounts of various items claimed. He admitted that he kept no books or records "on things like that," and he could produce no receipts or other evidence that certain expenditures were actually made or any better evidence than his estimates as to their amounts. We are satisfied, however, from such evidence as we do have that petitioners are entitled to deductions in addition to the amounts which the respondent allowed. They had certain necessary occupational expenses, certain required expenses *28 for taxes and interest, some medical expenses, and losses of various types. We have found on the evidence that they are entitled to deductions in 1942 in the aggregate amount of $1,250, exclusive of medical expense deductions. This amount includes deductible business expenses of $680, consisting of a capital loss deduction of $533.02 and other allowable deductions for occupational expenses. In addition to these deductions for 1942, petitioners are entitled to deduct that part of their medical expenses in excess of 5 per cent of their gross income adjusted in accordance with this opinion. Petitioners are also entitled to some deductions claimed for 1943, in addition to the amounts allowed them by respondent. Both petitioners and respondent made concessions on some of the items at the hearing and on brief. The evidence convinces us that petitioners are entitled to deduct for the year 1943 an aggregate amount of $450, including allowances made by respondent in his deficiency notice. This amount includes the allowable deductions of all classes which petitioners claimed. Decision will be entered under Rule 50.